McBRIDE, Judge.
Plaintiff, whose principal office is in Houston, Texas, was a distributor of Pli-coflex laminated tape and related pipeline products and conducted said business in New Orleans. It was necessary for him to store certain of his products in warehouses here. In July 1959, just before the expiration of a lease on a warehouse plaintiff was using, one of plaintiff’s representatives, Erwin B. Templin, negotiated with defendant for the use of warehouse space in premises owned by her in Harvey, Louisiana. The part of defendant’s premises to be occupied by plaintiff was a room twenty feet square or less. Plaintiff contends that the arrangement with defendant was oral and was confected sometime in July, 1959. On the other hand, defendant insists that the conversations leading up to the agreement between herself and plain *550 tiff culminated in a written agreement dated August 12, 1959. About May 9, 1960, plaintiff notified defendant by letter of his intention to remove his stock from defendant’s premises on May 11, 1960. Plaintiff caused an inventory to be made of the products remaining in defendant’s premises and these were “priced” by an employee of plaintiff in his Houston office at $2,912. Defendant by letter refused to release plaintiff’s stock unless plaintiff paid $8,076 for alleged rentals and commissions due her.
This litigation ensued. Plaintiff sought judgment ordering defendant to return the merchandise and for judgment on an open account owed by defendant. (The latter claim is not now before us.)
Defendant in answer denies any indebtedness to plaintiff; she alleged that she had entered into a written agreement with plaintiff through his agent, Ben Templin, on August 12, 1959, (a copy of which is annexed to and made part of the answer), reading in part as follows:
“August 12, 1959
***********
Agreement between Pat O'Neal Enterprises and Ben Templin with Plicoflex Tape Sales office Which is H & H Sales & Engineering Co., Houston, Texas.
1. Pat O’Neal gets 10% on all sales made in Louisiana and thru Miss.
2. We that being H & H Sales & Eng. Co. pay all deliveries charges over 100#
3. Plicoflex & H & H Sales & Eng. Co. promises to pay Pat O’Neal $125.00 per month for Whse. space and telephone service, which is payable at the end of the first year that being Aug. 12, 1959 or before if requested.
4. Factory man will be down ever two or three weeks to make calls with your men and will also take inventory so he can reorder materials that have been sold.
5. Pat O’Neal agrees to send one copy of daily sales to home office ever three or four days, for which we will pay for stamps etc.
6. Our factory man will make all service calls.
Thanks Pat for letting us move this stock in your Whse. on such a short notice.
Sg: Pat O’Neal Sg: Ben Templin,
Pat O’Neal, Owner Ben Templin,
Sg: S. Sanford H & H Sales & Engineering Co.
Witness: S. Sanford”
Defendant then assumed the position of plaintiff in reconvention and demanded of plaintiff the following amounts:
$1,500 for rental of warehouse;
$50,000 in commissions;
$5,000 for taking inventories of plaintiff’s merchandise, stored in the warehouse ;
$15,000 for making service calls.
After a trial of the matter on its merits, the court below rendered judgment in favor of plaintiff for $2,912, representing the value of the stock in defendant’s possession which she refused to permit plaintiff to remove; defendant’s reconventional demand was dismissed in toto, and she has appealed.
*551 Appellant argues that the lower court erred in rendering a monetary judgment in favor of plaintiff as there was no prayer in the petition for such relief. Plaintiff merely prayed for a judgment decreeing that defendant return the merchandise to him; however, the judgment rendered in his favor is valid. The inventory above-mentioned correctly shows the quantity of stored merchandise and its value. The verity of the inventory was proven by plaintiff. The court was authorized to grant such relief. LSA-C.C.P. art. 862 provides in part:
“ * * * a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
There seems to be much confusion between the document, a copy of which is annexed to the answer, and another instrument which defendant possesses. Both bear the same date and are purportedly signed by defendant and plaintiff’s representative, Ben Templin. Strangely, however, the name “S. Sanford” appears as a witness on the copy annexed to the answer, while “Frank Strength” and “Annette Orgeron” appear as witnesses on the other. We are convinced that Ben Templin, plaintiff’s agent, never signed either document. He strenuously denies knowing anything about them or that he affixed his signature thereto. A qualified handwriting expert, who appeared for plaintiff, testified emphatically that the signatures are not those of Templin. Even a layman can, with little difficulty, distinguish the difference between Templin’s genuine signature and those in question.
Defendant was interrogated quite extensively on cross-examination as to the reason for the existence of two agreements. Her explanation is that she “found” in her office, after returning from a trip, the second-mentioned agreement, i e., the one which was not annexed to her answer, and that she “supposed” that Templin had signed it. She says that after finding it, she signed it herself. She testified that the agreement, a copy of which is annexed to her answer, was merely a copy of the other agreement which a secretary she employed temporarily had made while practicing how to draft a contract, and that such copy somehow found its way into her file which she ultimately turned over to her attorney and was annexed to the answer in error. The defendant never did attempt to explain why she signed both agreements and why the witnesses on each are not the same persons and how Ben Templin’s name came to appear on the practice copy. She did not produce Sanford, the relief secretary who made the practice copy and signed as a witness, or Strength or Orgerson, also former employees of defendant, who signed the other agreement as witnesses.
No rental is due as there was no rental contracted for. The only consideration for the use of the warehouse space was that defendant would receive a ten per cent commission on all sales made out of merchandise stored therein. Templin testified to this and the lower court believed him. So do we.
Reconvenor offered no proof whatever supporting her claim of $5,000 for taking inventories or for $15,000 for the service calls.
She alleges she was to be allowed a commission at the rate of ten per cent on all sales of plaintiff’s products made in Louisiana and Mississippi and that she believed the aggregate sales were $500,000 on which she is entitled to a ten per cent commission, or $50,000. No attempt was made by defendant to show what sales were made in said two states. The only evidence she produced relating to her claim for commissions was the copy of an order which Plicoflex, Inc., of Houston, Texas, received from Arabian Oil Company through Associated Pipe & Supply Co., Inc., for cer *552 tain merchandise amounting to $73,018.50, and the recovenor now confines her claim to ten per cent of said amount. She is not entitled to a commission on said sale. The order was given for the Arabian Oil Company (A/C McDermott International, Inc.) for overseas shipment to Kuwait. Recon-venor was not instrumental in securing the order, but even if she had been, the commission, if any, would be owed by Plico-flex, Inc., and not plaintiff. At the time of said sale there was no connection between Plicoflex, Inc., and plaintiff, except that plaintiff was said corporation’s distributor, but he had no interest in Pli-coflex sales for overseas shipment and did not participate in commissions- on such type of sales; he was not connected in any way with Arabian Oil Company. It was only at a subsequent date plaintiff’s business was merged with that of Plicoflex, Inc.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.